**METROPOLITAN D. C. REFUSE HAUL-
ERS ASSOCIATION et al.,
Plaintiffs,**

v.

**Walter E. WASHINGTON et al.,
Defendants.**

**Civ. A. No. 101–72.**

United States District Court,
District of Columbia.

March 29, 1972.

———◆———

Alexander Boskoff, Washington, D. C.,
for plaintiffs.

John H. Suda, Asst. Corp. Counsel,
Washington, D. C., for defendants.

MEMORANDUM OPINION AND
ORDER

JOHN LEWIS SMITH, Jr., District
Judge.

Plaintiffs bring this action to enjoin
defendants from proceeding in any man-
ner to impose or collect a disposal charge
on refuse haulers pursuant to District of
Columbia Council Regulation No. 71–21.
On March 24, 1972 this matter came be-
fore the Court on plaintiffs' motion for
a preliminary injunction and cross-mo-
tions for summary judgment.

Plaintiff Metropolitan D.C. Refuse
Haulers Association is an unincorporat-
ed association of refuse collection and
hauling firms operating within the Dis-
trict of Columbia. The corporate plain-
tiffs engage in the collection and haul-
ing of refuse from commercial establish-
ments and governmental agencies with-
in the District.

Defendant Walter E. Washington is
the Mayor of the District and defendants
James P. Alexander and William E. Mc-
Kinney are Director of Environmental
Services and Director of Solid Waste
Management Administration, respective-
ly.

The regulations at issue here, entitled
"Solid Waste Disposal Regulations,"
were promulgated by the Council on July
29, 1971 to establish standards for stor-
age, collection, transportation and dis-
posal of solid wastes, thus promoting
the health, safety and welfare of resi-
dents and enhancing and improving the
environment. Section 8–3:606 of Regu-
lation No. 71–21 provides, *inter alia*,
that a license is required for each vehicle
engaged in the collection or transporta-
tion of solid wastes and that, in addition
to the license fee, each licensee shall pay
no less than $5 per ton for solid waste
disposal provided at any District owned,
operated or contracted facility. The $5
per ton disposal charge, which plaintiffs
seek to enjoin, became effective on Jan-
uary 19, 1972.

Plaintiffs claim that the Council did
not have the authority to impose the dis-
posal charge and that the charge is vio-
lative of equal protection and due proc-
ess. Plaintiffs urge that even if the
Court were to find that the Council had
authority to enact that provision of Reg-
ulation No. 71–21, summary judgment
cannot be granted to defendants because
material issues of fact remain in connec-
tion with their constitutional claims.

Congress has delegated power to the
Council to enact the licensing and dis-
posal charge provisions in Regulation
No. 71–21. Section 1–226, D.C.Code
(1967 ed.), authorizes the Council to
make and enforce ". . . reasonable

and usual police regulations . . . as they may deem necessary for the protection of lives, limbs, health, comfort and quiet of all persons . . . within the District of Columbia." Further, the Council is specifically authorized to enact necessary regulations for the collection and disposition of refuse, conduct any or all of the operations necessary for collection and disposal, and provide for penalties to secure enforcement. Sections 6–501 & 504, D.C.Code (1967 ed.).

The Council has the power to require licenses of businesses which, in its judgment, require inspection, supervision or regulation and to fix license fees commensurate with the costs of such inspection, supervision or regulation. Section 47–2344, D.C.Code (1967 ed.).

More recently, in the District of Columbia Air Pollution Control Act, Section 6–811 et seq., D.C.Code (Supp. IV, 1971), Congress empowered the Council to take such action as is necessary to protect and enhance the quality of the District's air resource. That statute mandates the Council to provide regulations for solid waste disposal and salvage operations.

Plaintiffs' constitutional claim, basically, is that the regulation arbitrarily and unreasonably imposes the disposal charge only upon commercial refuse haulers. They claim that governmental agencies, which will be exempt from the charge, may haul their own refuse, to plaintiffs' detriment; that where they have already entered into contracts with customers the disposal charge represents a taking of their property without due process; and that they will be made to bear an unfair burden because commercial haulers use only landfills, which are operated by the District for a per ton cost of much less than $5, whereas the District, which is exempt from the charge uses incinerators for the disposal of residential refuse at a per ton cost of substantially more than $5.

Congress has distinguished between residential refuse, which is collected by the District, and refuse which is collected by commercial haulers such as plaintiffs. In the Appropriations Act for 1961 (Public Law 86–412, 74 Stat. 17) Congress provided that the appropriation would not be available for the collection of refuse from hotels, businesses or certain multiple dwelling buildings. That restriction on the use of funds by the District has been carried forward in subsequent appropriation measures through the fiscal year ending June 30, 1972. That restriction and the statutory delegations of authority discussed earlier reveal a legislative purpose to grant the Council broad authority to regulate the collection and disposal of nonresidential refuse. Those legislative enactments also make it apparent that the Council did not act in an arbitrary or unreasonable manner in imposing the disposal charge on haulers of refuse collected from other than residences and that such action is in accord with the intent of Congress.

Therefore, it appearing to the Court that the District of Columbia Council had authority to enact Regulation No. 71–21, that plaintiffs' constitutional challenge is without merit, and that there are no material issues of fact, it is this 28th day of March, 1972

Ordered that defendants' motion for summary judgment be and it hereby is granted, and it is further

Ordered that plaintiffs' motion for summary judgment be and it hereby is denied and that plaintiffs' motion for a preliminary injunction be dismissed as moot.